Our first case of the morning is agenda number one. It's case number 113135, People of the State of Illinois v. James Allen. Are the parties ready to proceed? You may proceed. Good morning, Your Honors. May it please the Court. My name is Brian McNeil. I'm with the Office of the State Appellate Defender, and I represent James Allen. This case should really just be a continuation of this Court's consistent explanation that at the first stage of post-conviction proceedings, substance must triumph over form. This is not a case where a petitioner presented no evidence at all to support his petition. Rather, Mr. Allen presented the newly discovered confession of Robert Blankford to the murder of which Allen was convicted. The appellate court gave no consideration at all, solely because he wasn't notarized. As this Court reversed the decision, the appellate court can hold that a lack of notarization is a procedural defect that doesn't allow summary dismissal. Now, there can't be an evidentiary hearing in every case, and that's why the legislature created a three-stage process for post-conviction petitions. And at the first stage, as this Court has consistently explained, the substance is supposed to be the key. Procedural defects are not supposed to figure into it. These defects... Mr. McNeil, we're dealing with 122-2 of the Act, right? That's correct, Your Honor. And that deals... it's titled Contents of the Petition. So the cases that have been mentioned in the briefs deal with 122-2-1. Why aren't we just looking at the substance of the pleading and what it must contain to actually be a post-conviction petition? Well, we are looking to the substance in the sense that we're asking, what are the contents of the petition and what is the evidence that supports the petition? And this isn't a case like Collins and Delton, because in those cases, there was no evidence at all to support the claims. In Collins, there was just a verification affidavit. Yeah, I'm trying to focus on the petition itself, whether it actually is a post-conviction petition or not. 122-2 says, quote, shall have attached thereto affidavits, records, or other evidence supporting its allegations, or shall state why the same is not attached. So why isn't it as simple as without these things that 122-2 calls for that the pleading in question simply is not a post-conviction petition and we never get to the substance? Well, if there's nothing to support the claim, if there's no affidavits, records, or other evidence, then yes, there's a 122-2 violation under Collins and Delton that would warrant summary dismissal. So you're saying this is a sufficient affidavit that was attached here? We're saying it's sufficient 122-2 evidence, Your Honor. We're saying that it has a lot of the hallmarks of an affidavit and it remedies a lot of the things that notarization is designed for. But whether it's an affidavit, per se, is somewhat of a red herring, because 122-2 doesn't say petitioners can support their petitions only with affidavits. It says they can support their petitions with affidavits, records, or other evidence. Does that other evidence have to be the type of evidence that would be admissible in court? There's no authority for that proposition, Your Honor. I don't think there's any cases out there, and the state certainly hasn't cited any, suggesting that the evidence that a petitioner attaches to his petition must itself be admissible. The idea behind it, as this court explained to Collins, is the petitioner has to provide evidence showing that his allegations are capable of objective corroboration. And whether that's an affidavit, a record, or other evidence, that's the central question. And here, Mr. Allen presented the signed murder confession of Robert Langford, that not only accepts responsibility for this offense, but says that Mr. Allen wasn't guilty of it. Now, that goes directly to Allen's allegations of innocence, and it indicates that Langford can objectively corroborate his allegations. Now, the state says this can't be other evidence, or it can't be any evidence at all under Section 122-2, citing this court's language in Roth describing an unnotarized affidavit as a nullity. But this made sense only in the context of the Roth case, because there, the question really was whether the appellant had provided an affidavit. Because at that time, Rule 315 still required an appellant to provide an affidavit, and only an affidavit, to extend the time for filing a petition for leave to appeal. But in this case, the question isn't, is Langford's confession an affidavit? The question is, is Langford's confession an affidavit, record, or other evidence that supports the substance of Allen's claim? And again, it clearly is. It directly tracks Allen's insistence that he's actually innocent of this offense. So this is other evidence? It's not, you're not saying it's, in essence, an affidavit? I'm saying, I think that it contains all the requisite hallmarks of an affidavit. It's signed. It's dated. He provided his fingerprint to verify his identity. He made it under penalty of perjury. It really contains everything that we want out of an affidavit. But the question, even if it's not an affidavit, it still certainly qualifies as other evidence supporting Mr. Allen's claim. If we conclude that no notarization is required on an evidentiary affidavit, should we be concerned that there would be an incentive for a petitioner to file a false affidavit just to get by first stage and get counsel appointed? It's a possibility, Your Honor. It's always a possibility that there are going to be false claims out there. But if it really just comes down to notarization, I'm not sure that that's going to be much of a deterrent for a whole lot of petitioners out there. They could still probably get a lot of these things notarized. In this court, really, even if it's a question of notarization, even if it's a question of an affidavit, the other evidence language is still out there from Section 122-2. The only way this court can really conclude that summary dismissal was appropriate in this case is to find that Lankford's affidavit just goes out of existence. His confession just goes out of existence because it wasn't notarized. That's really not a reasonable conclusion, especially given everything that Lankford did in the hopes of verifying his identity. Making another penalty of perjury. Showing that Allen's allegations are capable of objective corroboration. Would the other evidence be hearsay in this instance? Not in this case, Your Honor. Lankford's testimony would come from his own personal knowledge. If you read his confession, it says, I committed this murder. I and a now deceased accomplice committed this murder. Mr. Allen had nothing to do with it. So it wouldn't be a question of hearsay. And that's one of the many reasons this case is very different from the Pecoraro case that the state relies on very extensively. It's also worth noting that somewhat lost in this discussion of affidavits and notarization and the technical requirements of 122-2 is a rather monumental fact that we have a signed murder confession in this case. This is the quintessential evidence of actual innocence. And it's exactly the kind of thing that the Post-Conviction and Hearing Act was designed to give petitioners the opportunity to present. Newly discovered evidence establishing their innocence. Now perhaps it requires a little bit of legal polishing in the form of notarization, but this is really something that can be done at the second stage with the assistance of counsel, whose job it is to take a rough petition that had been drafted by a pro se petitioner and put it into the appropriate legal form. There are plenty of petitions out there that are essentially worthless. They lack an arguable legal basis, they lack an arguable factual basis, or they have no evidence at all attached to them, leaving courts wondering whether there's any point in advancing them to the next stage. This is not one of those petitions. 122-2 would have allowed the defendant to explain why an affidavit could not be obtained. That's true, but it's clear that Mr. Allen believed he was providing an affidavit in this case, or at least other evidence. The safety valid provision of 122-2 only applies to a petitioner who's unable to marshal any evidence to support his claim. But here Allen did provide very strong evidence that supported his claim. So it wouldn't really make sense for him to also say, here's this evidence, I couldn't find any evidence because of X, Y, Z. It's not an independent requirement that he would explain that, only if he's not providing any evidence. Accordingly, if there are no further questions, we ask that this Court reverse the summary dismissal of Allen's petition and remand the cause for second stage proceedings. Thank you very much, Your Honors. Thank you. Mr. Hodes. Good morning, Your Honors. Ryan Hodes, Assistant State's Attorney on behalf of the people of the State of Illinois. In this case, the trial court properly dismissed the defendant's petition at the first stage of the Post-Conviction Hearing Act. From the judge's perspective, he could not ascertain or corroborate the actual innocent's claim. The defendant filed a document which he attributed to another person, and the judge had no way of knowing that this other person was, in fact, its author. The defendant also provided no explanation for why it took 25 plus years for this document to suddenly arrive with the defendant. Because the petition lacked ample supporting or corroborating evidence, the trial court properly dismissed it. The defendant suggests that this might be an affidavit at times. It's not. An affidavit, by definition, and by a long-standing tradition of this Court, is a document that is sworn to before a notary or some other person who is authorized to administer oaths. That notary's job under the Notarization Statute is to confirm independently, and by putting their name, that is the notary's name, on the line, that the person who claims to be the affiant is, in fact, that person. It identifies them. We don't have that in this case. The judge had no way of knowing, of identifying, the statement that purported to be from Mr. Langford with Mr. Langford. Mr. Hodes, if Mr. Langford's statement isn't properly in an affidavit, then why isn't other evidence, as opposing counsel suggests? Two reasons. First is a matter of statutory construction, which is that to allow something to be other evidence as a catch-all when it is a failed affidavit would essentially render the phrase affidavit needless surplusage in violation of the general rule of statutory construction against rendering language redundant or meaningless. The second one is that it really isn't other evidence, as we explained in our brief under Precoraro, as well as consistent with federal cases and state court cases throughout the country, because it's not admissible, and it doesn't bear the indication of reliability that you would want, mainly because we can't identify the statement as belonging to Mr. Langford. That's the main function in this context that notarization serves. It means that we know that the statement was made by its purported, by the affiant, the testator. This petition was dismissed at the first stage. Why can't all of this be sorted out at the second stage after counsel's been appointed, so that, for example, something like a legal notarization could move this case forward? Because this goes to the merits of the claim, ultimately, in a way. The 122-2 requirement is not just a technicality. It's not just something that can be fixed. It's not the same as if I file a petition on my own behalf and forget to do something or don't verify it, which I think is where defendant is coming from in this argument. It's a matter of evidence, and the Act requires a minimal amount of evidentiary support for its claims, and the evidentiary's cooperation here is absent because this document isn't notarized or there isn't other evidence supporting that claim. And that figures into the merits of the claim and summary dismissal, which was provided for expressly by the legislature and which this Court has consistently found to be a proper remedy when a claim lacks merit. And ultimately, this claim does lack merit because of its lack of evidentiary cooperation. And, Mr. Hodges, to follow up on Justice Tice, are you arguing that the first stage is the equivalent of a hearing on the merits? No, it's whether... Because you've argued several times that it lacks merit. I mean, I thought first stage under Beauclair was the gist of a meritorious claim, not to prove that it's going to prevail, but that it states, alleges the gist of a meritorious claim. I'm sorry. I guess I wasn't careful in my language with respect to that. What I mean is that there isn't enough of an... There isn't a ballast for the claim. The claim just can't be somebody else did it. You have to provide some cooperating evidence for that under 122-2. It's part of the merits determination at that phase. And there is a merits determination at that phase, and that's what the defendant is urging. He's urging that we look beyond the evidentiary requirement or the evidentiary ballast that a claim has to have and just say, oh, what did the defendant say? And is what he said good enough to get him to the second stage? And what I'm trying to say, at least, is that this is tied up in it. If there isn't some support for the claim, then it doesn't state an arguable claim. To state an arguable claim, there has to be something behind it under 122-2. It isn't just you can't just say somebody else did it and throw it out like that. There has to be more to it than that. And that ultimately is what this claim is boiling down to, because we can't identify the statement as belonging to Mr. Langford. I guess I just wanted to further emphasize that this defendant's acknowledged the possibility of, you know, people filing these just willy-nilly almost without evidentiary affidavits in order to get to the second stage. And the Act, as well as this Court's jurisprudence, I'm thinking primarily of Collins, Felton, and, yes, Hodges, provides for first-stage dismissal and understands the necessity of letting trial judges review these in context for 90 days before having the parties become involved and allowing for special determination and summary dismissal. And allowing this sort of a claim to evade summary dismissal without the necessary evidentiary cooperation would defeat that purpose. If there are no further questions, I would just ask that for the reasons elaborated in our briefs of this Court, please affirm the summary dismissal of the defendant's petition. Thank you. Thank you. Thank you. Thank you, Mr. McNeil, Mr. Hodges. The case number 113135, People of the State of Illinois v. James Allen, will be taken under advisement as agenda number one. Counsel are excused at this time. Thank you for your arguments.